CATHERINE SMITH, PLAINTIFF-RESPONDENT, v. PUBLIC
SERVICE RAILWAY COMPANY, DEFENDANT-APPEL-
LANT.

Submitted May term, 1925—Decided October 6, 1925.

**Negligence—Injury to Occupant of a Bus in Collision With Trol-
ley Car—Defendant's Appeal—Not Error For Court to Call
Jury Back and Correct an Error Made in Charge—No Error
Found in Charge—Exclusion of Irrelevant Testimony is At
Discretion of Court, and Harmless and Immaterial Error in
Charge Affords No Ground For Reversal.**

On appeal.

Before Justices PARKER, MINTURN and BLACK.

For the appellant, *Leonard J. Tynan*.

For the respondent, *Henry P. Bedford*.

PER CURIAM.

This suit was brought to recover compensation for personal
injuries. The plaintiff was the occupant of a bus that was
in a collision with a trolley car on March 12th, 1923. The
injuries complained of were the result of the collision. The
trial resulted in a verdict for the plaintiff for $3,000. The
defendant files ten grounds of appeal. These are argued
under six heads in the defendant's brief. Nos. 1, 2, 3, re-
fusal by the trial court to admit in evidence a statement, in
writing, signed by each of three witnesses called by the plain-
tiff, Norma Roberts or Norma Dolan, Dorothy Knell and
Marguerite Westervelt. These statements were marked *Ex-
hibit D 1, D 2* and *D 3* for identification. At page 155 of
the record this appears: "Mr. Coult, I want to ask leave
to read to the jury so much as serves to contradict her
story." The Court—"Yes, you may do that." The record
shows that the defendant had no restrictions placed by the

trial court about inquiring concerning these statements by the witness. We find no error here. No. 4, error in the charge. This was corrected by the trial court by calling the jury back and saying: "Gentlemen of the jury, I made a slip. The request that I charged you on behalf of the plain-. tiff was a legal error." Then, the court proceeds to point out the correct rule of law applicable to the facts. No. 5 is an exception to what the court said in correcting the error in the charge:. This was not error. No. 6, error in the charge. We find no error here. No. 7 is abandoned in the brief of the appellant. No. 8, error in the charge. We find no error here. Nos. 9 and 10, refusal to charge the fourth and fifth requests of the defendant. These were covered by the trial judge in his charge so far as they were pertinent to the facts. The Court of Errors and Appeals, in the case of *Enstice* v. *Courtright,* 61 *N. J. L.* 656, said, the exclusion of testimony because irrelevant is at discretion, and that harmless and immaterial error in a charge affords no ground of reversal.

Finding no error in the record, the judgment of the Essex County Circuit Court is affirmed.